Ibis BREWSTER, Plaintiff,

v.

THE CITY OF POUGHKEEPSIE, Defendant.

No. 04 CIV. 4204(CM).

United States District Court, S.D. New York.

May 8, 2006.

Steven Thomas Sledzik, Jones Sledzik Garneau & Nardone, LLP, Scarsdale, NY, for Plaintiff.

David Lewis Posner, McCabe & Mack LLP, Poughkeepsie, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM

MCMAHON, District Judge.

Plaintiff Ibis Brewster, brings this action against the City of Poughkeepsie alleging, *inter alia*, First Amendment retaliation. She claims, *inter alia*, that she was prevented from filing criminal charges against citizens with whom she had confrontations, and ultimately was terminated from her position as a civilian Parking Enforcement Agent, as a result of her husband's (then fiancé's), criticism of the Police Chief's decision to dismiss two pending traffic summonses issued by her husband, Officer Joseph Brewster. In response to the Chief's January 28, 2003, verbal request that Officer Brewster dismiss the tickets, and the Chief's February 25, 2003, written directive that the tickets be dismissed, Officer Brewster (by counsel) wrote a letter dated February 26, 2003, to the Chief and Deputy Chief of Police "strongly object[ing] to the dismissals." By a letter dated March 3, 2003, Officer Brewster (again by counsel) complained to the District Attorney that the Chief had "abuse[d] his discretion," and requested that the District Attorney's office investigate the matter to determine whether the Chief's actions constituted official misconduct.

At the final pre-trial conference in this matter, held on June 2, 2006, I asked counsel to submit letter briefs addressing the implications of the Supreme Court's recent decision in *Garcetti v. Ceballos*, —— U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689, 2006 WL 1458026 (May 30, 2006), on plaintiff's First Amendment retaliation claim. I now dismiss plaintiff's claim under the rule of law articulated in *Garcetti*.

In *Garcetti*, the Supreme Court held that, "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* 126 S.Ct. at 1960, 2006 WL 1458026, at *8. The controlling factor in the Court's decision was that Respondent Ceballos' expressions were made, not as a private citizen as "part of civic discourse," but rather pursuant to his official duties. *Id.*

The facts in *Garcetti* are striking similar to those in the case at bar. Ceballos, a deputy district attorney, recommended dismissal of a pending criminal matter, upon learning that an affidavit used to obtain a critical search warrant contained material misrepresentations. When his supervisors refused to dismiss the charge, Ceballos testified on behalf of the defense at a hearing on the defendant's motion to challenge the warrant. Thereafter, Ceballos was allegedly subjected to a series of retaliatory employment actions, including reassignment to a different position, transfer to another courthouse, and denial of a promotion.

Joseph Brewster was a police officer. His speech related to his supervisor's decision to dismiss two pending traffic summonses he had issued. Officer Brewster's February 26 letter to the Chief and Deputy Chief of Police reiterated Brewster's opinion that the tickets should not be dismissed, and emphasized that the individual whose tickets he was directed to dismiss

was "guilty of both violations," that the "charged individual acknowledged traveling more than double the posted speed limit and, according to the evidence available, clearly violated the provisions of law which prohibit crossing a double yellow line." Officer Brewster's March 3 letter to the District Attorney complained that, "Despite the operator's admission to speeding and video surveillance confirming that the operator crossed onto, if not over, the double yellow line in violation of the vehicle and traffic law, Chief Knapp has demanded that Officer Brewster dismiss the summons."

Like Ceballos' memo expressing his position on the proper disposition of a pending criminal case, Officer Brewster's letters to the Chief and Deputy Chief of Police and to the District Attorney related to his "daily professional activities," *Garcetti*, 126 S.Ct. at 1960, 2006 WL 1458026 at *8, which included determining whether sufficient evidence existed to prosecute pending traffic tickets. Accordingly, Officer Brewster's expressions are not protected speech, and cannot form the basis of a retaliation claim.

The only difference between the *Garcetti* case and this case is that Ceballos claimed that he was retaliated against on account of *his own* speech, while plaintiff Brewster asserts that she was retaliated against on account of *her husband's* speech. This distinction is of no moment. There is no question that, if Officer Brewster does not have a cause of action based on his own unprotected speech—and he does not—his wife certainly cannot state a claim for retaliation based on that same unprotected speech.

For the foregoing reasons, plaintiff's First Amendment retaliation claim is dismissed. Trial will proceed as scheduled on plaintiff's remaining claims.

This constitutes the decision and order of the Court.